United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                )<br>        Plaintiff,              )<br>                                )   Civil Action No.<br>        v.                      )   18-10474-NMG<br>                                )<br>THOMAS CROSS,                   )<br>                                )<br>        Defendant.              )<br>                                ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Thomas Cross ("Cross" or "defendant") is currently subject to a detention order issued by United States Magistrate Judge Marianne B. Bowler. His motion to review that order is pending before the Court.

**I.   Procedural History**

On December 13, 2018, a grand jury returned a three-count indictment charging Cross with distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B).

Cross was arrested at his home on November 15, 2018, and had his initial appearance before Magistrate Judge Bowler on that date. The Magistrate Judge heard oral argument on November 20, 2018, and in January, 2019, she issued an order of detention.

-1-

## II. Magistrate Judge Bowler's Findings

In her detention order, Magistrate Judge Bowler found that defendant did not pose a risk of flight but that he was a danger to the community for the following reasons. First, because the alleged offense involves a minor, there is a presumption of detention. 18 U.S.C. § 3142(e)(3)(E). Second, Cross did not introduce evidence sufficient to rebut that presumption. Third, the government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community because

> [defendant] was taking steps to go beyond the computer screen and arrange an opportunity to commit a contact offense.

Shortly thereafter, defendant filed in this session a motion for review of that detention order. This Court held a hearing on June 28, 2019, and, for the reasons stated below, defendant's motion will be allowed.

## III. Defendant's Motion for Review of the Detention Order

Defendant moves this Court to revoke the detention order issued by Magistrate Judge Bowler pursuant to 18 U.S.C. § 3145(b). He argues that the evidence and the pre-trial services report recommendations were sufficient to rebut the presumption of detention, thus shifting the burden of persuasion to the government. Further, he contends that the

government cannot meet its burden with respect to community safety.

As a result, Cross requests that he be released from custody and permitted to return to his home in Amesbury, Massachusetts, subject to special conditions.

**A. Legal Standard**

Pursuant to § 3145(b), this Court has jurisdiction to review a detention order by a magistrate judge under de novo review. United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017). In doing so,

> the Court may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument.

Id.

Pursuant to § 3142(e)(3)(E), a rebuttable presumption of detention exists in offenses involving a minor victim. To rebut that presumption, defendant must produce "some evidence" that a condition or combination of conditions can reasonably assure the appearance of a person and safety of community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). If defendant produces such evidence, the burden of persuasion shifts to the government to prove that there is no condition or combination of conditions that will reasonably assure the appearance of the

defendant and protect the safety of the community. <u>Oliveira</u>, 238 F. Supp. at 167.

### B. Application

Defendant argues that he has rebutted the presumption of detention based on his background characteristics and Probation's recommendation that he be released subject to strict conditions. This Court agrees that, taken together, defendant's lack of criminal history, community ties, steady employment, family support and Probation's supportive recommendation, sufficiently rebuts the presumption of detention.

Because the defendant has produced some evidence to rebut the presumption, the Court turns to the government's burden of persuasion.

The government asserts that defendant poses a significant risk to the community because of his technological sophistication and his specific plans in November, 2018 to arrange a meeting with a minor through a third party. Defendant counters that his particular background demonstrates that he is unlikely to violate the special conditions because he has 1) no criminal record, 2) worked at the same job for ten years, 3) strong family support, 4) a stable residence and 5) no history of drug addiction. He also stresses his significant cooperation with the government, which led to the arrest of an individual

who was sexually abusing a child, as evidence of his willingness to abide by the law.

The acts charged against the defendant are horrendous in nature. Moreover, the Court is not persuaded that defendant's most recent attempt to contact a minor was mere fantasy, as he suggests. Nevertheless, the Court finds, pursuant to the factors set forth in § 3142(g), that the government has failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions will reasonably ensure community safety. Here, defendant's dangerousness is mitigated by the fact that his crimes are no longer unknown to his family or the public and, if released, he will be subject to very strict conditions.

For example, pursuant to the proposed conditions, defendant will be under constant supervision by his fiancé and father, both of whom are now aware of the charges pending against him and have agreed to serve as third party custodians. Furthermore, the community in which defendant lives is also aware of the allegations thus decreasing the likelihood that he will be able to re-offend. Finally, the Court finds that defendant has demonstrated a willingness to be rehabilitated based on the fact that he recognizes the illegality of his actions, has significantly cooperated with the government in its

prosecution of another individual, has agreed to seek treatment and is aware that any violation of the conditions imposed by this Court will most certainly jeopardize any reduction in his sentence under the United States Sentencing Guidelines, § 5K1.1.

## ORDER

Because the Court finds that the government has not met its burden to prove by clear and convincing evidence that no conditions will reasonably ensure community safety, defendant's motion for review of the detention order (Docket No. 19) is **ALLOWED** and that detention order is hereby **VACATED**.

Probation is instructed to provide this Court with monthly status reports on the last business day of each month, for three months, and quarterly thereafter. Defendant will be confined to his residence subject to the following conditions:

1. Report to U.S. Probation and Pretrial Services as directed.

2. Remain under the supervision of his third party custodians (father and/or fiancé).

3. Submit an unsecured bond.

4. Continue (or actively seek) employment.

5. Maintain residence and do not move without prior permission of the Court.

6. Travel is restricted to the Districts of Massachusetts and New Hampshire.

7.  Do not obtain a passport or any other travel document while this case is pending.

8.  Refrain from possessing any firearm, destructive device, or other dangerous weapon.

9.  Participate in a mental health treatment program as directed and comply with all of the rules of such program.

10. Do not possess pornographic materials of any kind, including pictures, photographs, books, writings, drawings, videos, or video games.

11. Do not have any direct or indirect, unsupervised contact with anyone under the age of 18 and do not frequent or loiter in any place where children under the age of 18 are likely to congregate, including schools, parks, playgrounds, libraries, fast food restaurants, etc.

12. Do not access the internet unless authorized by U.S. Probation and Pretrial Services. Do not possess any computer or other device capable of connecting to the internet, including any tablet, cell phone, or gaming console. All computers and other devices capable of accessing the internet in the residence must be password protected and the defendant shall not have access to said password. Family members' laptops and other smart phone devices must be removed from the residence when they are not home.

13. Defendant shall be subject to Home Detention with Location Monitoring and is restricted to the residence at all times except as pre-approved by U.S. Probation and Pretrial Services for court purposes, meetings with counsel, medical and/or mental health treatment, religious services, employment, or other pre-approved activities. The defendant shall refrain from obstructing or attempting to obstruct or tampering in any fashion with the efficiency and accuracy of any location monitoring equipment.

14. The defendant shall be required to pay for, or contribute to the cost of, the imposed monitoring and/or treatment services conditions, based on an ability to pay. In the

> case of treatment services, third party payment may be used, if available.

15. Report any contact with law enforcement within 24 hours.

16. Obey all statutory conditions of release.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated July 10, 2019